UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAI CAO,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No. 24-cv-01195-JD

**ORDER RE DISMISSAL**

Plaintiff Kai Cao sued defendant Bank of America, N.A. (BANA) in connection with BANA's attempts to collect on a credit-card charge that Cao alleges was fraudulently incurred on his account. *See, e.g.*, Dkt. No. 31 (TAC) ¶¶ 2, 4-7. The suit was removed from Alameda County Superior Court. Dkt. No. 1. Early in the litigation, BANA filed two motions to dismiss, Dkt. Nos. 5, 19, and Cao filed two amended complaints, Dkt. No. 13, 17. The Court dismissed the second-amended complaint with leave to amend on the ground that it failed to plausibly allege claims under the Fair Credit Reporting Act (FCRA), Pub. L. No. 91-508, 84 Stat. 1114 (codified at 15 U.S.C. §§ 1681 *et seq.*). Dkt. No. 30.

Cao timely filed a third-amended complaint, which alleges claims under the California Identity Theft Act (CITA), Cal. Civ. Code §§ 1798.92 *et seq.* (Count I), the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Count II), the FCRA (Counts VI-VIII), and the California Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code §§ 1785 *et seq.* (Count IX). The complaint also alleges state law claims for negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence (Counts III-V). Dkt. No. 31 ¶¶ 80-140. BANA narrowly seeks dismissal of Cao's UCL and tort claims. Dkt. No. 33.

**LEGAL STANDARD**

"The standards governing [BANA's] motion[] to dismiss are well-established." *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1030 (N.D. Cal. 2019). To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In testing the sufficiency of the complaint, the Court "treats the plaintiff['s] factual allegations as true and draws all reasonable inferences" in the plaintiff's favor. *McDonald*, 385 F. Supp. 3d at 1030. The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

With respect to the state-law claims of which BANA seeks dismissal, the Court's "duty as a federal court . . . is to ascertain and apply the existing California law." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Munson v. Del Taco, Inc.*, 522 F.3d 997, 1002 (9th Cir. 2008) (per curiam)). In the absence of definitive pronouncements from the Supreme Court of California, "we follow decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise." *Id.*

**DISCUSSION**

**I.     UCL CLAIM**

Cao proposes several theories as to how BANA violated the UCL in connection with the alleged identity theft and debt collection. Dkt. No. 31 ¶¶ 87-103. BANA says the claim must be dismissed because the complaint fails to allege an adequate remedy at law. Dkt. No. 33 at 5-6. BANA also argues in the alternative that the claim should be limited to the theory predicated on BANA's alleged violation of CITA if it goes forward. *Id.* at 6-7.

"[A] federal court must apply traditional equitable principles before awarding [equitable relief] under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020); *see*

*In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 12, 2023) (unpublished). With respect to the requests for restitution and injunctive relief, the complaint makes no such allegation; that alone is fatal. *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). The complaint also seeks damages under CITA for substantially the same conduct, Dkt. No. 31 ¶¶ 80-85; *id.* at ECF 23, which is an adequate remedy at law in lieu of restitution. Cao argues that damages under CITA are not an adequate legal remedy for certain monies he seeks because "it's possible that BANA will argue later that funds paid voluntarily by Plaintiff to BANA . . . do not constitute actual damages." Dkt. No. 34 at 6. In an unpublished opinion the Ninth Circuit rejected a nearly identical argument speculating about the future course of litigation. *See Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *3 (9th Cir. June 3, 2022) (unpublished). And in any event, BANA concedes "that such amounts would be available to [Cao] under the CITA if he is able to prove that claim," Dkt. No. 35 at 2, and BANA will be held to that concession.

## II.    TORT LAW CLAIMS

### A.  NEGLIGENCE-BASED CLAIMS

Counts III and V allege, respectively, negligent infliction of emotional distress and negligence. Dkt. No. 31 ¶¶ 104-08, 115-18. Under California law, "[a] claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *Belen v. Ryan Seacrest Productions, LLC*, 65 Cal. App. 5th 1145, 1165 (2021) (quotation omitted). Consequently, these claims rise and fall together, and in this case, the claims fall because the complaint fails to plausibly allege duty. *See Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (1993) ("The existence of a duty is a question of law.").

The complaint alleges that BANA "knew that it had a legal duty under § 4A-202 of the Uniform Commercial Code to maintain a commercially reasonable method of providing security against fraud and identity them." Dkt. No. 31 ¶ 69. That does not suffice to plausibly allege duty because the Supreme Court of California has made it clear that Article 4A focuses on a particular "type of payment, commonly referred to as a 'wholesale wire transfer, which is used almost exclusively between business or financial institutions.'" *Zengen, Inc. v. Comerica Bank*, 41 Cal.

3

1  4th 239, 252-53 (2007) (quotation omitted).  The Court specifically contrasted those transactions,

2  on which Article 4A focuses, with "payments made by checks or credit cards." *Id.* at 253

3  (quotation omitted).  The factual allegations in the complaint all pertain to events stemming from

4  an allegedly unauthorized credit-card purchase, which is the sort of transaction California courts

5  say falls outside the ambit of Article 4A.  *See id.* at 252-53.  When BANA pressed this very point

6  in its motion papers, Dkt. No. 33 at 7, Cao did not respond.  Consequently, the Court apprehends

7  no basis for concluding that Article 4A imposes the duty on BANA the complaint alleges it does.[1]

8        The complaint elsewhere refers in passing to BANA breaching its "general duties of care

9  to Plaintiff" but does not explain what those duties entailed.  Dkt. No. 31 ¶ 117.  Construing the

10  sparse allegations in the light most favorable to Cao, the Court can reasonably infer the complaint

11  refers to duties BANA allegedly owes to Cao by virtue of his being a customer of its financial

12  services.  To be sure, the complaint does not allege that any contract existed between Cao and

13  BANA, but it does allege that BANA "shipped a replacement card for the account ending in 7438

14  to Plaintiff's address" and that "Plaintiff did not bring the old card with him when he left the

15  country."  *Id.* ¶¶ 32-33.  These allegations support the reasonable inference that Cao was a

16  customer of BANA's credit-card services and that such services were provided pursuant to some

17  sort of contract, and it would be implausible to infer that BANA rendered credit services to Cao

18  without such a contract.  *See OEM Materials and Supplies, Inc. v. Bank of America, N.A.*, No. 22-

19  cv-00884-FWS, 2023 WL 4291979, at *5 (C.D. Cal. May 16, 2023) (inferring that a contractual

20  banking relationship existed from allegations that plaintiff was "a business customer of [BANA]"

21  and "also a customer of [BANA's] merchant services for credit card transaction processing").

22        Such allegations do not suffice to plausibly allege a claim of negligence for Count V

23  because the "economic loss rule," as formulated in California law, prevents Cao from seeking

24  damages in tort for what is at bottom an assertion that BANA breached terms of a contract.  *See,*

25  *e.g.*, *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 388 (2004) ("Quite simply, the

---

[1] The parties refer to Article 4A in the complaint and motion papers, but the relevant source of substantive law is the California Commercial Code's incorporation of Article 4A of the Uniform Commercial Code.  *See* Cal. Com. Code §§ 11101 *et seq*.

4

1  economic loss rule prevents the law of contract and the law of tort from dissolving one into the
2  other." (cleaned up)); *Kurtz-Ahlers, LLC v. Bank of America, N.A.*, 48 Cal. App. 5th 952, 959
3  (2020) ("Liability in negligence for purely economic losses is the exception, not the rule."
4  (cleaned up)).

5        Cao nonetheless says that that the complaint alleges non-economic damages, which are the
6  basis of his negligent-infliction-of-emotional-distress claim for Count III, in the form of emotional
7  injury to his person, Dkt. No. 34 at 7 (citing Dkt. No. 31 ¶ 66), for which recovery in damages is
8  not barred by the economic-loss rule in relation to the duties that exist by virtue of him being
9  BANA's consumer, *see Kurtz-Ahlers*, 48 Cal. App. 5th at 959 n.3 (explaining that the economic
10 loss rule applies to "pecuniary losses unaccompanied by injury to person or property").

11       The point is not well taken. California law recognizes that "a bank has 'a duty to act with
12 reasonable care in its transactions with its depositors.'" *Chazen v. Centennial Bank*, 61 Cal. App.
13 4th 532, 543 (1998) (quoting *Bullis v. Sec. Pac. Nat'l Bank*, 21 Cal. 3d 801, 808 (1978)). But
14 California courts have also consistently recognized that banks do not have a common-law duty to
15 "supervise account activity or to inquire into the purpose for which the funds are being used."
16 *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1150 (2005) (cleaned up) (quoting
17 *Chazen*, 61 Cal. App. 4th at 537); *see also Kurtz-Ahlers*, 48 Cal. App. 5th at 956-57 (discussing
18 the "narrow scope of a bank's duties" to depositors). Although the complaint alleges a fraudulent
19 credit-card transaction, Cao offered no controlling or persuasive authority to suggest that
20 California law regarding banks' duties to depositors would not apply with equal force in these
21 similar circumstances.

22 **B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

23       To state a claim for intentional infliction of emotional distress under California law, the
24 complaint must plausibly allege "(1) extreme and outrageous conduct by the defendant with the
25 intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the
26 plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation
27 of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th
28 1035, 1050 (2009) (cleaned up) (quotations omitted). With respect to the second prong, California

5

law is clear that the bar is a high one: "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Id.* at 1051 (cleaned up) (quotation omitted). Allegations that a plaintiff "has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation" do not rise to the level of distress "that no reasonable person in civilized society should be expected to endure it." *Id.* (cleaned up) (quotation omitted). The complaint's allegations of emotional distress fall far short of those required to plausibly plead the requisite emotional distress. The complaint says, in the most general fashion, that Cao suffered "anxiety, stress, fear, loss of sleep, headaches, loss of productive time, . . . and other physical symptoms." Dkt. No. 31 ¶ 66; *see also id.* ¶¶112, 114, 118. These allegations are cursory, devoid of any factual substance that might substantiate the severity of the complained-of symptoms, and are nearly identical to the assertions of distress the Supreme Court of California expressly held were insufficient to sustain an intentional-infliction-of-emotional-distress claim. *See Hughes*, 46 Cal. 4th at 1051.

Because the above-given reasons warrant dismissal of Cao's state-law tort claims, the Court does not address BANA's alternate contention that they are time barred. Dkt. No. 33 at 14.

### III. DAMAGES UNDER CAL. CIV. CODE § 3294

The complaint's prayer for relief requests an "[a]ward of exemplary and punitive damages . . . pursuant to Cal. Civ. Code § 3924 against Defendant Bank of America." Dkt. No. 31 at ECF 24.[2] BANA contends that the request must be dismissed because the complaint fails to make any allegations concerning "an officer, director or managing agent" of BANA. Dkt. No. 33 at 15. The notion is that, as a matter of California law, a corporate entity cannot itself engage in willful and malicious conduct within the meaning of § 3294. *Id.*

Subsection (b) of § 3294 provides that an employer "shall not be liable for [punitive] damages . . . based upon acts of an employee of the employer, unless the employer . . . [*inter alia*] authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." It further provides that "[w]ith respect to a corporate

---

[2] The Court construes the complaint's reference to § 3924 as a typographical error.

6

employer, the advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).  The complaint makes no such allegation about BANA's officers, directors, or managing agents, and Cao practically concedes the point.  Dkt. No. 34 at 12. The request for punitive damages under § 3294 is dismissed.

## IV.  LEAVE TO AMEND

Counts II-V are dismissed, as is the request for punitive and exemplary damages under Cal. Civ. Code § 3294.  The remaining question is whether the dismissal should be with prejudice. "The Court's discretion to dismiss with prejudice is 'particularly broad' after prior leave to amend has been granted." *Won v. Fed. Nat'l Mortgage Ass'n*, No. 16-cv-01337-JD, 2016 WL 6822068, at *2 (N.D. Cal. Nov. 18, 2016) (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)).

In opposing BANA's third motion to dismiss, Cao repeatedly stated he could cure asserted deficiencies with amendment.  *See generally* Dkt. No. 34.  He has already amended the complaint thrice.  Dkt. Nos. 13, 17, 31.  Twice in his present opposition, Cao recites a paragraph of wholly new facts he contends would vitiate any challenge by BANA to the complaint's sufficiency and then states, "[i]f the Court would prefer that Plaintiff amend his complaint to include such an allegation, Plaintiff will willingly do so."  Dkt. No. 34 at 7, 11-12.  However, the Court already granted leave to amend in dismissing the second-amended complaint.  Dkt. No. 30.

Furthermore, in moving to dismiss the second-amended complaint, BANA raised essentially identical challenges to Cao's UCL and tort claims and request for punitive damages. Dkt. No. 19 at 6-15.  Cao raised the same arguments in opposition.  Dkt. No. 22 at 8-13.  Indeed, in opposing BANA's motion to dismiss his second-amended complaint, Cao repeated nearly verbatim the additional facts not alleged in the complaint and stated that he could amend his complaint to include such allegations if given leave.  *See id.*; Dkt. No. 34 at 7, 11-12.  Yet, upon being granted leave to file a third-amended complaint, he did not do so.  Dkt. Nos. 30-31.  Cao had ample notice of BANA's challenges to the sufficiency of the allegations as to these claims,

had already stated he could amend to include certain allegations, and then failed to do so when given the opportunity. Another bite at the apple is not warranted on this record.

**IT IS SO ORDERED.**

Dated: February 28, 2025

JAMES DONATO
United States District Judge