**MCGUIREWOODS LLP**
Piper A. McCormick (SBN #291482)
pmccormick@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8250
Facsimile: 310.315.8210

Christian T. Hochhausler (SBN #351475)
chochhausler@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.490.0872
Facsimile: 415.490.0942

Elizabeth Z. Timmermans (NC State Bar No. 40205) (*admitted pro hac vice*)
Elizabeth F. Pellegrini (NC State Bar No. 56560) (*admitted pro hac vice*)
eztimmermans@mcguirewoods.com
epellegrini@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: 919.755.6600
Facsimile: 919.755.6699

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI CAO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO. 3:24-cv-01195-JD<br><br>The Hon. James Donato<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOUGLAS HOLLON**<br><br>Hearing Date: June 11, 2026<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>　　　Courtroom 11<br>　　　San Francisco, CA 94103<br>Judge: Hon. James Donato |

i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Faced with on-point case law excluding Hollon's testimony because it contained the precise defects present in his reports, opinions, and testimony in this case, Plaintiff identifies few cases where portions of Hollon's testimony have been allowed. These cases do not move the needle because they do not address the host of deficiencies present in Hollon's reports, opinions, and testimony here. Indeed, that certain portions of Hollon's opinions may have survived in other cases does not support ignoring the rampant deficiencies in this case.

Further, Plaintiff's attempt to cast Hollon's methodology as reliable because it is "experience-based" falls flat. Hollon's methodology cannot be reliable because he has repeatedly failed to identify all of the materials on which he relied in forming the bases of his opinions—a violation of Federal Rule of Civil Procedure ("FRCP") 26 and grounds for exclusion. And, Hollon's testimony remains unhelpful to the jury because it is not the product of the application of reliable methodology to the facts of this case. In attempting to frame Hollon's factual deficiencies as a "merits issue," Plaintiff has only highlighted the extent to which Hollon ignored critical facts in forming his opinions.

Similarly unavailing are Plaintiff's pleas to allow Hollon to reword his impermissible legal conclusions. When, as here, an expert's formulation of "industry standards" is based entirely upon their interpretation of the law, their conclusions invade the providence of the jury no matter how phrased. Finally, Hollon's damages testimony remains entirely unhelpful, and in any event, characterizing Hollon's rebuttal report as a response to the report authored by BANA's expert does not change the fact that it contains opinions which are beyond the scope of a proper rebuttal. Hollon's reports, opinions, and testimony should be excluded.

### II. ARGUMENT

#### A. The Cases Plaintiff Cites Do Not Grapple With The Deficiencies Present Here.

Plaintiff insists that the volume of well-reasoned decisions excluding Hollon's opinions and testimony for the exact same deficiencies present in this case should be ignored because five courts have allowed portions of Hollon's opinions to survive. ECF No. 86 at 2. Notably, Plaintiff does

1

not attempt to distinguish the rulings in *Johns*, *Oatway*, *Nelson*, and *Osborne* from the operative facts here—because he cannot.  Examination of the cases offered by Plaintiff reveals the fatal flaw in his logic—none of those cases address the host of faults embedded in Hollon's reports and opinions in this case.  Critically, in none of Plaintiff's chosen cases did the opposing party raise Hollon's failure to identify the industry standards he purports to apply.  ECF No. 81 at 3-4, 8; Hollon Dep. Tr. 71:6-72:1 (explaining that he knows of no industry standard for an investigation, so he relies on the dictionary definition of "investigate").

Plaintiff asserts that *Panchenko v. Comenity Cap. Bank*, No. 23-cv-04965-EKL, 2025 WL 2372597 (N.D. Cal. Aug. 13, 2025) should be given special weight because there, this Court admitted the "same expert offering the same kind of opinions on the same kind of facts."  ECF No. 86 at 3.  Plaintiff neglects to mention that Hollon did not submit an affirmative report in that case and that the *Panchenko* court **did** exclude opinions Hollon offered in rebuttal which were outside the proper scope of a rebuttal report.[1]  2025 WL 2372597, at *2.  In fact, the *Panchenko* court did not allow Hollon to offer *any* affirmative opinions because his expert report was not timely disclosed for that purpose.[2]  2025 WL 2372597, at *1.  Rather, the court's analysis of whether Hollon's opinions should be admitted was animated by the principle that he was merely a rebuttal expert whose purpose was to "poke holes" in the opposing expert's testimony and "not to put forth an affirmative case."  *Id.* at *4 (quoting *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2025 WL 1569361, at *6 (N.D. Cal. June 2, 2025)).  And as discussed *infra* Section II.E, the *Panchenko* court's decision to allow Hollon to rephrase his surviving rebuttal opinions to avoid offering impermissible legal conclusions came under circumstances far less clear and egregious than in the case at bar.  *Panchenko* does not dictate the result here.

---

[1] Despite Plaintiff's assertions, BANA resolved the claims with the plaintiff in *Panchenko* and BANA was not involved with Mr. Hollon's rebuttal nor was BANA a party to the *Daubert* motion at issue.  *Panchenko*, 2025 WL 2372597, at *1.

[2] Moreover, the Court held that Hollon was not permitted to testify at trial unless the defendant's expert testified. Because the defendant's expert did not testify, Hollon did not testify in *Panchenko*, despite his misleading CV suggesting otherwise.

2

Plaintiff suggests that the courts in *Huizar v. Experian Info. Sols. Inc.*, No. 4:22-CV-85-PPS, 2025 WL 3085049 (N.D. Ind. Nov. 5, 2025) and *Garcia Delgado v. Experian Info. Sols., Inc.*, No. 4:24-cv-637, 2026 WL 674189 (E.D. Tex. Mar. 10, 2026) accepted Hollon's methodology.  ECF No. 86 at 2-3.  But those courts determined that Hollon's purported experience-based methodology was sufficiently reliable only when there were no indications that Hollon failed to provide a full list of the materials he reviewed in forming the bases for his opinions.  *Huizar*, 2025 WL 3085049, at *4-5; *Garcia Delgado*, 2026 WL 674189, at *3-4.  Here, Hollon has repeatedly failed to identify numerous materials on which he purports to have relied, defying FRCP 26(a)(2)(B) and leaving BANA and this Court to wonder about the soundness of his methodology.  ECF No. 81 at 6-7.  In this specific scenario, courts have rejected his opinions.  *Johns v. Nelnet*, No. 22-4791, 2026 WL 914621, at *15 (E.D. Pa. Mar. 31, 2026) (excluding Hollon's testimony when he relied on "testimony he has read in previous cases of other [Credit Reporting Agencies ("CRAs")] without being able to identify what the specific testimony is"); *Nelson v. Experian Info. Sols.*, *Inc.*, No. 2:23-1634-RMG, 2024 WL 3219180, at *2 (D.S.C. June 27, 2024) (excluding Hollon's testimony because he "does not articulate concrete factual materials or sources on which he bases his conclusion").  Moreover, the parties opposing Hollon's testimony did not raise his failure to identify or articulate relevant industry standards (ECF No. 81 at 3-4, 8) in *Huizar* or *Garcia Delgado*, or that he offered impermissible legal conclusions (*id.* at 10-12) in *Huizar*.  Again, in these specific situations, courts have rejected Hollon's opinions.  *Johns*, 2026 WL 914621, at *16 ("[W]hile Hollon makes numerous references to his reliance on 'industry standards,' he is unable to articulate what these standards are."); *Oatway v. Experian Info. Sols., Inc.*, No. 2:24-cv-00523-LK, 2025 WL 2689029, at *11 (W.D. Wash. Sept. 19, 2025) ("[Hollon] does not explain his methodology or his conclusory opinion."); *Osborne v. Rentgrow, Inc.*, No. 23-cv-10572-NMG, ECF No. 124, at 5, 16 (D. Mass. Dec. 17, 2024) (excluding Hollon because his "report is replete with assertions about various matters of opinion, and assessments of evidence, that are untethered to any identifiable industry standard" and his opinions "seem to reflect his own personal views about the application of various legal principles to the facts of this case").

3

*Wright v. HireRight LLC* (ECF No. 86 at 3) offers little insight or assistance here. No. CV-23-00493-PHX-SMM, 2025 WL 928852 (D. Ariz. Mar. 27, 2025). In *Wright*, the party opposing Hollon's testimony appears not to have challenged the reliability of Hollon's methodology. *Id.* at *4. The court offered no analysis regarding the reliability of Hollon's methodology, accepting it as reliable with a cursory statement citing only to Federal Rule of Evidence ("FRE") 702 itself. *Id.* at *5. And, the only arguments offered against the soundness of Hollon's methodology in *Wellemeyer v. Trans Union, LLC* centered upon Hollon's lack of experience working at a data furnisher. No. 3:20-cv-814-DJH-LLK, 2023 WL 11262971, at *9 (W.D. Ky. Sept. 22, 2023). Unlike here, there was no indication that Hollon failed to disclose the facts and data upon which he relied in forming his opinions, or that Hollon offered impermissible legal conclusions. ECF No. 81 at 6-7, 10-12.

*Johns*, *Oatway*, *Nelson*, and *Osborne* are the cases involving Hollon which present facts most similar to those at play here. Plaintiff cannot obfuscate the fact that Hollon has again failed to "articulate concrete factual materials or sources on which he bases his conclusion," *Nelson*, 2024 WL 3219180, at *2, or that Hollon's opinions rest on "his interpretation of the legal requirements of the FCRA." *Osborne*, No. 23-cv-10572-NMG at ECF No. 124, at 2. Hollon's reports, opinions, and testimony should be excluded.

**B. Plaintiff Does Not Address The Core Reason Why Hollon's Methodology Is Unreliable.**

Plaintiff insists that Hollon is qualified to testify as an expert in this case—responding to an argument that BANA has not made. ECF No. 86 at 3-4. BANA has not contended that Hollon fails to meet the "'liberal standard' for expert qualification." *Diode Dynamics, LLC v. 5DLIGHT, Inc.*, No. 5:23-cv-02238-WLH-JPR, 2026 WL 852169, at *3 (C.D. Cal. Mar. 20, 2026). Rather, regardless of his qualifications in general, Hollon's reports, opinions, and testimony must be excluded first and foremost because they are not founded on reliable methodology.

Plaintiff attempts to argue that Hollon's methodology is sound because "[e]xperience-based methodology is a recognized form of reliable methodology." ECF No. 86 at 5. While this may be true, it misses the thrust of BANA's argument. Hollon's reliability is belied by the fact that he is unable to identify or recall the materials on which he relied to form the bases of his opinions. *See*

ECF No. 81 at 6-7.  Hollon's opinions were found unreliable for that very reason by the most recent federal court to evaluate his work.  *Johns*, 2026 WL 914621, at \*16 ("[Hollon] references deposition transcripts involving these Defendants in other cases, but cannot identify what cases they came from.").  Indeed, Hollon's deposition testimony in this case confirms that his opinions here are just as deficient as they were in *Johns*—Hollon could not identify the materials on which he purports to rely if he tried.  Hollon Dep. Tr. 122:10-123:9; *id.* at 123:17-25 ("Q: What is your citation for that statement? A: What is my what? Q: Your evidence or your citation for that? A: I don't recall. I just know that I've read it. Q: Who was the data furnisher who made that statement? A: Well, I put many because I don't – I don't know."); *id.* at 125:15-17 ("Q: Which case or cases was that? A: I – I don't recall exactly which case, but I've read it.").

What is more, Hollon's failure to disclose all of the materials on which he relied is a direct violation of FRCP 26(a), which requires that an expert provide "a ***complete*** statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them."  FRCP 26(a)(2)(B)(i), (ii) (emphasis added).  Plaintiff attempts to dodge this issue by declaring without citation that "[t]he Ninth Circuit does not require an expert to maintain a footnoted index of each professional observation."  ECF No. 86 at 7.  The Ninth Circuit has long recognized that "when a party fails to provide information required by [FRCP] 26, such party 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'"  *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025) (quoting FRCP 37(c)(1)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[FRCP] 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").  Plaintiff has offered no argument that Hollon's disclosure failures were harmless, as is his burden.  *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in [FRCP] 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").  This Court regularly excludes expert opinions and testimony for this reason, and so too should it exclude Hollon's reports, opinions, and testimony here.  *See, e.g., Eisen v. Day*, No. 21-cv-05349-VKD, 2024 WL 1244482, at \*6 (N.D. Cal. Mar. 21, 2024) (excluding expert's opinions based upon materials not disclosed

pursuant to FRCP 26(a)(2)(B)); *Lin v. Solta Med., Inc.*, No. 21-cv-05062-PJH, 2024 WL 5199905, at *10-11 (N.D. Cal. Dec. 23, 2024) (same).

### C. Hollon's Testimony Remains Unhelpful To The Jury.

Plaintiff urges this Court to find that Hollon's testimony will be helpful to the jury because Hollon will provide a useful comparison between what BANA did and what a competent furnisher would have done. ECF No. 86 at 7. This requires an assumption that Hollon's opinions are founded in a reliable methodology (they are not). *See* ECF No. 81 at 5-8; *supra* Section II.B. Whether other experts have been allowed to provide this sort of testimony is irrelevant. ECF No. 86 at 8. Hollon's report contains pages upon pages of what he claims are "highlights" of various witnesses' deposition testimony, devoid of any application of Hollon's purported "industry framework" (and containing but one pinpoint citation to the testimony purportedly quoted and summarized). *See* Hollon Report at 40-61. To the extent that Hollon purports to draw conclusions from the testimony, his conclusions do not reflect the application of a reliable methodology to the evidence. Rather, Hollon simply restates portions of his summaries and offers conclusory statements and improper legal conclusions such as "[i]n my opinion, these actions were negligent." *See, e.g.*, *id.* at 45. Hollon does not explain *why* he believes certain actions fell below industry standards; he merely asserts his opinion that they do not measure up. *Id.*

*Siqueiros* stands squarely for the proposition that haphazard and self-serving summaries of deposition testimony under these circumstances are not helpful to the jury. *Siqueiros v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2022 WL 74182, at *10 (N.D. Cal. Jan. 7, 2022) ("[T]he Court finds that the portions of Dr. Dahm's report which essentially summarize evidence already in the record ***without the application of his expertise through reliable methodologies*** invade the province of the jury and are not appropriate under [FRE] 702." (emphasis added)).

Plaintiff does not even attempt to explain the phantom "Block Recission request" included by Hollon in his report, apparently conceding that Hollon arbitrarily included information in his report that is not from this case. ECF No. 81 at 4; *see A.B. v. Cnty. of San Diego*, No. 18cv1541-MMA-LL, 2020 WL 4431982, at *13 (S.D. Cal. July 31, 2020) ("Defendants do not respond to Plaintiffs' arguments regarding this opinion, and therefore fail to meet their burden to demonstrate

6

the reliability of the proffered opinion."). Hollon's reports, opinions, and testimony will not be helpful to the jury and should be excluded.

### D. Hollon's Ignorance Of Foundational Facts Is Not A Merits Issue.

In attempting to paint the substantial factual deficiencies in Hollon's report and opinions as merits issues in disguise, Plaintiff only highlights their gravity. Plaintiff claims that Hollon did not willfully ignore the fact that the Automated Consumer Dispute Verifications ("ACDVs") at issue contained a dispute code of 103 (account fraudulently opened) because he offered an explanation of the contents of the ACDVs and their attachments in his report. ECF No. 86 at 9. Plaintiff points out that Hollon wrote in his report that "the ACDV contained a dispute code of 103, which means account fraudulently opened." *Id.* (quoting Hollon Report at 33). According to Plaintiff, Hollon then contextualized the dispute code by writing "[a]ll of Plaintiff's prior correspondence and phone calls indicated that Plaintiff's position had always been that this was his account that had been taken over." *Id.* (quoting Hollon Report at 33).

But those are not the facts of this case. Indeed, Plaintiff told BANA that the account at issue was not his, that it was in fact fraudulently opened. Hollon Dep. Tr. 137:13-17. Plaintiff's assertion that Hollon simply "explained why the industry standard does not permit a furnisher to hide behind the CRA's coding choice when the supporting documentation tells a different story" is no more true to the facts of this case than Hollon's report. ECF No. 86 at 9. Deficiencies of this nature are not a merits issue; the jury will not be aided in determining the facts at issue by testimony that willfully misrepresents those facts. *See Johns*, 2026 WL 914621, at *17. Hollon's reports, opinions, and testimony should be excluded.

### E. Hollon Cannot Cure His Inappropriate Legal Conclusions By Using Different Language.

Hollon has a well-documented history of proffering testimony in the form of improper legal conclusions. *See Osborne*, No. 23-cv-10572-NMG at ECF No. 124, at 2 ("Hollon's proffered opinions on the ultimate issue of whether Defendant employed 'reasonable' procedures . . . do not appear to rest on any claim of familiarity with a particular industry norm, but rather on his interpretation of the legal requirements of the FCRA."). Despite repeatedly being excluded or

required to alter his testimony to avoid misleading the jury in the past, Hollon—with Plaintiff's backing—seeks to offer his armchair legal analysis again in this case.

Plaintiff appears to accept the fact that Hollon's proffered testimony is improper but urges that Hollon be given another opportunity to reword his offending opinions, in the vein of *Panchenko* and *Garcia Delgado*.  ECF No. 86 at 10.  Hollon's own testimony in this case demonstrates that his improper legal conclusions are more than just inartful wording which can be remedied.

Unlike in *Panchenko* and *Garcia Delgado*, to the extent that Hollon articulated a basis for the "industry standards" he purports to apply in this case, Hollon testified that the industry standards come from: (1) federal and state statutes; (2) published guidance from the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB"); (3) "congressional information that might be published;" and (4) information published by the Consumer Data Industry Association.  Hollon Dep. Tr. 69:7-16.  To be sure, Hollon admitted that whether or not BANA complied with the Fair Credit Reporting Act ("FCRA") formed the basis of his opinions.  *Id.* at 70:1-8.  On top of that, Hollon directly stated that it was his opinion that BANA policies did not comply with Regulation V.  *Id.* at 109:5-11.  Plaintiff addresses none of these statements, likely because Hollon's statements to the same effect required his exclusion in *Osborne*.  No. 23-cv-10572-NMG at ECF No. 124, at 8 (recognizing that "Hollon's opinions appear to rest, *not* upon experience-based familiarity with practices in the industry, but instead, upon his reading of the law" because he based his view of industry standards on court opinions and guidance from the CFPB and FTC (emphasis in original)).

Plaintiff's urging that Hollon's industry standard is not simple "compliance with FCRA" is a red herring and contradicted by Hollon's own words.  ECF No. 86 at 11.  *Osborne* and *Magallon v. Robert Half Int'l*, 743 F. Supp. 3d 1237 (D. Or. 2024) address the precise situation Hollon presents here—when an expert's formulation of "industry standards" comes from his interpretation of the law, it does not matter how the expert chooses to word the standards he purports to apply.  Hollon's opinion as to the reasonableness and adequacy of BANA's investigation and all opinions stemming therefrom must be excluded because they are nothing more than a different way of stating the legal

8

conclusion that BANA failed to comply with the FCRA and Regulation V. *Magallon*, 743 F. Supp. at 1250.

### F. Hollon's Damages Opinions Remain Unhelpful And Beyond The Scope Of A Proper Rebuttal.

Plaintiff fails to respond to the fact that, regardless of his potential qualification to opine on general credit reporting damages, Hollon's proffered "general damages" testimony has been excluded as irrelevant and unhelpful when the admissibility of the testimony itself has been considered. *See Johns*, 2026 WL 914621, at *17 ("Generalized statements from Hollon regarding the harm other consumers have faced when their consumer reports contained inaccuracies is not relevant to the present case."). To the extent that Hollon seeks to offer any opinion on the general damages that inaccurate credit reporting may cause, like in *Johns*, such testimony is not relevant to this case.

Courts which have considered whether Hollon should be allowed to opine on a plaintiff's specific damages have decided Hollon would offer the jury no assistance in this area, and so too should this Court. *Nelson*, 2024 WL 3219180, at *3 ("Plaintiff can speak to his own damages and Hollon's recitation of Plaintiff's damages is unhelpful."); *Garcia Delgado*, 2026 WL 674189, at *2-3 (following *Nelson*); *Oatway v. Experian Info. Sols. Inc.*, No. 2:24-cv-00523-LK, 2025 WL 2689029, at *11 (W.D. Wash. Sept. 19, 2025) ("Oatway can speak to his own damages, and Hollon's recitation of his damages is unhelpful."); *Huizar*, 2025 WL 3085049, at *4 ("As has been done by courts previously, Hollon will not be allowed to offer his opinion as to Huizar's damages.").

Plaintiff's contention that Hollon's new opinions relating to the XB code and Plaintiff's economic damages are within the proper scope of his rebuttal report because BANA's expert addresses similar topics misses the mark. ECF No. 86 at 12. "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.'" *Amos v. Makita U.S.A.*, No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (quoting *In re Apex Oil. Co.*, 958 F.2d 243, 245 (8th Cir. 1992)). Hollon surely knew that Plaintiff's purported economic damages and the effects of various dispute indicators are central issues in this case; he could have addressed these

matters in his initial expert report but chose not to. Hollon's opinions are not brought within the proper scope of a rebuttal simply because he organized his rebuttal report in reference to the report of BANA's expert. *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-cv-1375-AC, 2015 WL 5521986, at *4 (D. Or. Sept. 16, 2015) ("All of Robertson's evidence is exactly what St. Paul knew more than five years ago it must present at the time of trial. Merely because Robertson organized his report in reference to the points made in the Connolly and Hughes reports does not, in this context, compel the conclusion that his report is a proper rebuttal report that responds to unforeseen theories.").

To the extent Hollon offers opinions on Plaintiff's purported damages and credit reporting error damages in general, such opinions should be excluded as unhelpful. Hollon's new opinions regarding Plaintiff's purported economic damages and the significance of the XB code remain beyond the scope of a proper rebuttal report and should be excluded for that reason as well.

**III. CONCLUSION**

For the foregoing reasons, and those set forth in BANA's opening motion, BANA respectfully requests that the Court enter an Order excluding the testimony of Douglas A. Hollon in its entirety and striking his report. In the alternative, Defendant requests that the Court exclude any opinions regarding alleged industry standards, legal conclusions, and damages.

DATED: June 1, 2026                                    **MCGUIREWOODS LLP**

By:   */s/ Elizabeth Z. Timmermans*
_____
Elizabeth Z. Timmermans
Elizabeth F. Pellegrini
Christian T. Hochhausler
Piper A. McCormick

*Attorneys for Defendant Bank of America. N.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 1, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Elizabeth Z. Timmermans*
Elizabeth Z. Timmermans

CERTIFICATE OF SERVICE